Date signed July 15, 2011



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

| | | | |
|---|---|---|---|
| In Re: | * | | |
| Environmental Preservation Assoc., Inc. | * | Case No. | 10-14421-TJC |
| | * | Chapter | 7 |
| Debtor | * | | |
| ************************************** | * | | |
| Endurance American Specialty Insurance Company | * | | |
| | * | | |
| | * | | |
| Plaintiff | * | Adversary | |
| vs. | * | Case No. | 10-00751-TJC |
| Merrill Cohen, as Trustee in Bankruptcy for Environmental Preservation Associates, Inc. d/b/a USA Lights and K&S Muirkirk Associates | * | | |
| | * | | |
| | * | | |
| Defendants | * | | |

## MEMORANDUM OF DECISION

Before the Court is a motion ("Motion") by Plaintiff Endurance American Specialty

Insurance Company ("Endurance") to compel the production of the file of Robert Ferguson that

1

he generated while he represented debtor Environmental Preservation Associates, Inc. ("EPAI")

in an environmental administrative proceeding with the Maryland Department of Environment

("MDE").[1]  The Motion is opposed by Defendants Merrill Cohen, as Chapter 7 Trustee for EPAI,

and K&S Muirkirk Associates (collectively "Defendants").  Endurance, as insurer, retained

Ferguson to represent EPAI, its insured, in connection with the corrective portion of the MDE

administrative proceeding, but did not authorize Ferguson to represent EPAI on the penalty

portion.  Endurance contends that, under the common-interest doctrine, there is no attorney/client

privilege between EPAI and Ferguson to the exclusion of the Endurance.  Defendants contend

that, because Endurance did not assume the defense of the entire MDE action, there was no

common interest between EPAI and Endurance and the privilege applies.  For the reasons set for

the herein, the Court will grant the Motion.

### *Factual Background*

EPAI is a Maryland corporation that was engaged in the removal of hazardous chemicals

from lighting fixtures and reselling the glass and chemicals.  Compl. ¶ 10.  It filed a voluntary

petition for bankruptcy under chapter 7 on March 3, 2010.   Merrill Cohen was appointed as

Chapter 7 Trustee and continues to serve in that capacity.

Prior to the petition date, EPAI purchased an Environmental Impairment Liability

insurance policy (the "Policy") from Endurance.  *Id.* ¶ 38.  The Policy covers EPAI's operations

on property owned by Defendant K&S Muirkirk.  *Id.* ¶ 23.  The Policy provides coverage for,

among other losses, environmental clean-up costs.  *Id.* ¶ 39.

---

[1] The Motion also sought to compel discovery on two other matters. These issues were resolved by the Court in a bench ruling at the hearing on July 6, 2011, and memorialized by order entered on July 7, 2011.  Docket No. 79.

In connection with purchasing the Policy, EPAI completed an application that included a series of questions. In this adversary action, Endurance alleges that EPAI's answers were materially false and seeks a declaration that it is entitled to rescind the Policy *ab initio*.

Endurance filed the Complaint against the Chapter 7 Trustee and the MDE on October 4, 2010. The parties entered into a consent order allowing Defendant K&S Muirkirk to intervene in the action and dismissing the MDE as a party defendant. The parties filed cross-motions for summary judgment, which the Court denied without prejudice. The Court bifurcated the issues in the adversary proceeding into two phases: the so-called "rescission/waiver issue" (in which the parties ask the Court to determine whether Endurance timely exercised its right to rescind the Policy or whether it waived that right by its alleged delay) and the so-called "exclusion of coverage issue" (in which the parties ask the Court to determine whether the particular claims asserted by the Defendants are covered by the Policy). A discovery and briefing schedule has been set on the rescission/waiver issue, and the resolution of the exclusion of coverage issue has been stayed. The Motion followed.

The facts pertinent to the specific remaining issue in the Motion, which appear to be undisputed, are as follows[2]: The MDE initiated an administrative proceeding ("MDE Action") against EPAI on September 22, 2009. EPAI sent a notice letter to Endurance advising them of the MDE Action on January 29, 2010. Wunderlich Aff. in Opp'n to Def.'s Mot. Summ. J. and in Supp. of Pl.'s Cross-Mot. Summ. J. dated December 17, 2010 ("Wunderlich Affidavit"), ¶ 13. A settlement conference was scheduled on the MDE Action for February 11, 2010 and a hearing

---

[2] In setting forth the facts, the Court is relying on the facts alleged in the Complaint, the motion for summary judgment, the cross motion for summary and the affidavit of Wunderlich filed in support of Endurance's summary judgment motion and in opposition to the Defendants' motion and the original exhibits attached thereto. Docket No. 27. The Court is not making any findings of fact in resolving the Motion as applicable to further proceedings in this matter.

3

was scheduled for March 22-23, 2010.  Wunderlich Affidavit, ¶¶ 16-17.  Wunderlich, a Claims

Director for Endurance, was assigned the file and, after speaking with EPAI's outside counsel,

M. Rosewyn Sweeney, Endurance retained Robert Ferguson to represent EPAI at the settlement

conference and administrative hearings.  Wunderlich Affidavit, ¶¶ 20-22.

At the deposition of Sweeney, she testified that the MDE Action was essentially

bifurcated into two portions: a "corrective portion" and a "penalty portion".  Further, Sweeney

testified that

> [t]here was a statement by Mr. Wunderlich [that took place on February
> 17, 2010] that the insurance company would be responsible for the defense
> of the corrective action portion of [the MDE Action], and that the insured
> was responsible for the defense of the penalty portion of the [MDE
> Action].  And that in the event that Venable was retained, I would need to
> make my best efforts to try and segregate to the extent possible the fees
> that were related to the corrective action and the fees related to the penalty
> action, though he indicated he understood that they were intertwined.

Sweeney Dep. 33:20-34:24, June 10, 2011, Defs.' Opp'n Mot. Compel, Elkind Decl., Ex. 2.

Wunderlich stated, through his affidavit, that Ferguson advised him that the MDE's

primary interest was soil and groundwater testing of EPAI's premises and that if Endurance paid

the cost of the testing, the MDE would dismiss the MDE Action.  Wunderlich Affidavit, ¶ 23.  A

March 10, 2010 e-mail from Ferguson to Matthew Zimmerman of the MDE confirms that

Endurance

> agreed to defend [EPAI] in this matter subject to the terms and conditions
> of their policy.  As part of that defense, Endurance is willing to fund
> preparation of the Phase I investigation of the site … Subject to a full
> reservation of rights, the insurer will consider what if any, further action in
> defense of their insured is appropriate once receiving the results of the
> [site investigation].

Wunderlich Affidavit, ¶ 24, Ex. E.  The MDE Action was withdrawn by stipulation in its

entirety, with the agreement that Endurance would perform the site testing. Defs.' Opp'n Mot.

Compel, Elkind Decl., Ex. 3.

A subsequent email from Wunderlich dated May 17, 2010 confirms that the MDE Action

had been withdrawn in its entirety after Endurance agreed to fund the site study.  Wunderlich

Affidavit, Ex. H.  The email also states that Endurance will continue to fund "…the fees of

defense counsel (Ferguson) for at least the next 30 days to allow for any additional interactions

needed with the MDE or others relative to the study." *Id*.   From the record before the Court, it

appears that Ferguson's representation of EPAI commenced fairly soon after Endurance

received the notice of the MDE Action on January 29, 2011 and continuing until about or shortly

after June 14, 2010.

On June 14, 2010, Endurance received the complete results of the soil and groundwater

site study.  Wunderlich Affidavit, ¶ 34.  On June 24, 2010 the MDE issued an amended

complaint, revising an administrative proceeding. Wunderlich Affidavit, ¶ 35.  There is no

indication in the record that Ferguson represented EPAI on any portion of the MDE's amended

complaint.

### *Conclusions of Law*

There is no dispute between the parties that the common interest doctrine applies when

two or more persons with a common interest engage an attorney to represent them with respect to

that interest.   Further, the parties do not dispute that the common interest doctrine applies, as a

general matter, to the relationship among an insurer, and insured and the attorney retained by the

insurer to represent the insured.  In the context of this case, the common-interest doctrine would

mean that "communications between an insured and its attorney connected with the defense of

the underlying litigation are normally not privileged vis-a-vis the insured's carriers in subsequent litigation." *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.*, 654 F. Supp. 1334, 1365 (D.D.C. 1986).

The parties dispute whether the doctrine applies here. Endurance contends the doctrine applies because Endurance provided a defense of the corrective action portion of the MDE Action, and that defense is sufficient for the doctrine to apply. Defendants contend that, because Endurance did not assume the defense of the penalty portion of the MDE Action there was never a common interest between Endurance and EPAI -- to the contrary, the parties were in actual conflict with each other and the doctrine does not apply.

A leading case in this district on the common-interest doctrine is *Nationwide Mutual Ins. Co., v Lafarge Corp.,* No. H-90-2390, 1992 U.S. Dist. LEXIS 21838 (D. Md. June 9, 1992). There, the United States District Court for the District of Maryland refused to apply the common interest doctrine to discovery sought by an insurer. The Court stated:

> On the facts here, the insurers have failed to persuade this Court that the common interest doctrine is applicable in this case. In both *Independent Petrochemical* and *Carey-Canada,* the District of Columbia District Court emphasized that the common interest doctrine is applicable only when it has been determined that the defendant insurer is obligated to defend the underlying action brought against the insured. In this particular case, the duty of Lafarge's insurers to defend Lafarge in the underlying litigation is still disputed.
>
> The common interest doctrine does not apply in a case like this one where the rights and obligations of the parties are starkly and vigorously contested. Because they dispute their duty to defend or indemnify Lafarge in the underlying litigation, the insurers are not in a position to argue that their interests in the underlying litigation are so closely aligned with those of Lafarge that Lafarge should be forced to share with them its work product. In sum, the insurers have here unreasonably demanded access to the work product of a defense the costs of which they have refused to pay.

*Lafarge,* 1992 U.S. Dist. LEXIS 21838, at *8-9.

The district court relied on *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.*, 654 F. Supp. 1334, 1365 (D. D.C. 1986) and *Carey-Canada, Inc. v. Aetna Casualty & Sur. Co.,* 118 F.R.D. 250 (D. D.C. 1987).  The plaintiffs in *Independent Petrochemical*, were petrochemical companies who sued the 23 defendant insurance companies for defense costs and indemnification in underlying toxic tort actions.  The defendant insurers filed a motion to compel the plaintiff insureds to produce documents that were prepared in connection with the defense of the toxic tort actions and that were withheld on the basis of the attorney-client privilege.[3] *Independent Petrochemical,* 654 F. Supp. at 1365.

The district court held that the defendants were obligated to defend the plaintiffs in the underlying actions, and thus concluded that the defendants were entitled to discovery of the plaintiffs' work product prepared in connection with the defense of the toxic tort actions.  In so holding the court specifically found that "[t]he documents were generated in anticipation of minimizing something of common interest to both parties in this suit: exposure to liability from tort claimants" and that with regard to the documents, the plaintiffs had no reasonable expectations of confidentiality.  *Id.* at 1366.  The court went further and declined "to set a *per se* rule that a coverage dispute wipes out an insurer's ability to receive documents necessary in defending the underlying claims." *Id.*

The plaintiffs in *Carey-Canada* brought an action against the defendant insurance carries for indemnification for amounts paid by plaintiff in judgment or settlement of underlying cases alleging asbestos-related property damage.  *Carey-Canada*, 118 F.R.D. at 250.  The defendant filed a motion to compel production of plaintiffs documents generated in the course of settlement negotiations in two underlying property damage cases.  The plaintiff claimed that the documents

---

[3] The insurers agreed that the insureds were not obligated to disclose those privileged communications directed to the coverage questions.

were protected by the attorney-client privilege and/or the work product doctrine, while the defendant relied upon the common interest doctrine. In *Carey-Canada*, the court found *Independent Petrochemical* to be "illustrative but not dispositive" because that court's holding that the common interest doctrine trumped the plaintiffs' claims of privilege was expressly grounded in the facts of that case. *Id.* at 251.

The court in *Carey-Canada* denied the insurer's motion to compel discovery. In doing so, the court held that although the plaintiff had not demonstrated that the documents generated in the settlement were produced in anticipation of the coverage dispute, there had been no determination, as in *Independent Petrochemical*, that the insurer was obligated to defend the underlying claims. Furthermore, the court reasoned that "[i]t is evident, then, that the documents at issue were prepared in an atmosphere of uncertainty as to the scope of any identity of interest shared by plaintiffs and [defendant]. In this context plaintiffs could reasonably have expected that documents concerning settlement in underlying cases would be privileged and hence undiscoverable by their carriers." *Id.* at 252.

Applying these principles here, the Court concludes that the common-interest doctrine applies to Ferguson's files. First, Endurance agreed to defend EPAI on the corrective portion of the MDE Action, and so to that extent at least, the interest of EPAI and Endurance were closely, if not exactly, aligned. Second, there is no dispute that Endurance retained Ferguson for that very purpose. Third, the communications Endurance seeks were generated during that representation. Fourth, there is no factual basis to support a claim that during Ferguson's representation EPAI had any realistic expectation that the privilege applied to the exclusion of Endurance.

Defendants contend that Endurance's decision that it would not defend the penalty portion of the MDE Action created an actual conflict between EPAI and Endurance, and that conflict usurped any common interest between them.  But Defendants overstate the extent of the "actual conflict."  It is uncontroverted that Wunderlich told Sweeney that Endurance would not pay counsel fees for the penalty portion of the MDE Action.  But insofar as the record reflects, there was no further discussion of the matter after that, and there certainly is no evidence that EPAI ever challenged or disputed Endurance's position.  Perhaps for good reason:  Ferguson quickly reached an agreement with the MDE to resolve, temporarily at least, the entire MDE Action, including the penalty portion.  At or about the time MDE revived the action by filing the amended complaint, Ferguson's representation was complete.  To be sure, after that, Endurance sought to rescind the Policy based on EPAI's alleged misrepresentation and provided no further defense.  But based on the record before the Court, Endurance's position that it would not defend EPAI on the penalty portion of the MDE Action never became more than an inchoate dispute between the parties while Ferguson represented EPAI.  That potential dispute was never raised by EPAI, and it did not override the common interest between Endurance and EPAI that existed while Ferguson represented EPAI.[4]

### Conclusion

For the foregoing reasons, the Court will enter an order granting the remaining issue raised in the Motion.

cc:    Paul Bennett Bran
       David L. Elkind

---

[4] Because the Court concludes that the inchoate dispute did not override the common interest between Endurance and EPAI while Ferguson represented EPAI, the Court finds inapposite Defendants' authorities that address an insurer's duty to defend, *Brohawn v. Transamarica Ins. Co*., 276 Md. 396, 347 A.2d 842 (1975) and whether an attorney can continue to represent the insured and insurer after a conflict develops between them, *Fid. & Cas. Co. of N.Y. v. McConnaughy,* 228 Md. 1, 179 A.2d 117 (1962).

Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, D.C. 20006-5403

Merrill Cohen
Cohen & Baldinger
7910 Woodmont Avenue, Suite 1103
Bethesda, MD 20814

Nelson C. Cohen
William A. Schreiner, Jr.
Zuckerman Spaeder LLP
1800 M Street N.W.
Suite 1000
Washington, D.C. 20036


Eugene W. Policastri
Bromberg Rosenthal LLP
401 N. Washington St., Suite 500
Rockville, MD 20850


Gil M. Coogler (Admitted Pro Hac Vice)
Mirna M. Santiago (Admitted Pro Hac Vice)
White Fleischner & Fino, LLP
61 Broadway, 18th Floor
New York, NY 10006


## END OF MEMORANDUM OF DECISION